IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ATLANTIC CREDIT & FINANCE, INC., <br> A Virginia corporation, <br><br> Plaintiff, <br><br> v. <br><br> JULIANA G. ROBERTSON, <br> an individual <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 1:15-CV-0044 SEB-MJD <br> ) <br> ) <br> ) <br> ) <br> ) |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Juliana G. Robertson ("Robertson"), by counsel, for her Answer to Atlantic Credit & Finance, Inc.'s ("Atlantic") Complaint, her Affirmative Defenses to Atlantic's claims, and her Counterclaims, says as follows:

1.  Robertson admits the material allegations contained in rhetorical paragraph 1 of Atlantic's Complaint.

2.  Robertson is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 2 of Atlantic's Complaint.

3.  Robertson admits the material allegations contained in rhetorical paragraph 3 of Atlantic's Complaint.

4.  Robertson is without knowledge or information sufficient to admit or deny the material allegations contained in rhetorical paragraph 4 of Atlantic's Complaint.

5.  Robertson admits the material allegations contained in rhetorical paragraph 5 of Atlantic's Complaint.

6. Robertson admits the material allegations contained in rhetorical paragraph 6 of Atlantic's Complaint, however the address set out in that paragraph is Robertson's mailing address, not the address of her office.

7. Robertson admits the material allegations contained in rhetorical paragraph 7 of Atlantic's Complaint.

8. Robertson admits the material allegations contained in rhetorical paragraph 8 of Atlantic's Complaint, however Robertson denies that any Cost Advance (as defined in Atlantic's Complaint but which Robertson believes mis-characterizes the money paid by Atlantic to Robertson) that was used to pay costs of litigation was to be repaid to Atlantic.

9. Robertson denies the material allegations contained in rhetorical paragraph 9 of Atlantic's Complaint.

10. Robertson admits the material allegations contained in rhetorical paragraph 10 of Atlantic's Complaint.

11. Robertson denies the material allegations contained in rhetorical paragraph 11 of Atlantic's Complaint.

12. Robertson denies the material allegations contained in rhetorical paragraph 12 of Atlantic's Complaint.

13. Robertson denies the material allegations contained in rhetorical paragraph 13 of Atlantic's Complaint.  Robertson further states that in each such case Robertson sent written correspondence to Atlantic seeking direction as to how to apply and account for any such money, and, thereafter, Robertson acted in accord with Atlantic's direction.

14. Robertson denies the material allegations contained in rhetorical paragraph 14 of Atlantic's Complaint.  Robertson further alleges that the course of conduct between the parties

from time to time varied based upon oral conversations, commitments, and agreements made between Atlantic and Robertson.

15. Robertson denies the material allegations contained in rhetorical paragraph 15 of Atlantic's Complaint.

16. Robertson admits that on or about July 22, 2008, she entered into the Second Retainer Agreement with Atlantic, however she denies the material allegations contained in the balance of rhetorical paragraph 16 of Atlantic's complaint as the terms relied upon by Atlantic were modified by subsequent oral agreements and the parties' course of conduct.

17. Robertson denies the material allegations contained in rhetorical paragraph 17 of Atlantic's Complaint.

18. Robertson admits that in or about February, 2010, she entered into the Legal Services Agreement with Atlantic, however she denies the material allegations contained in the balance of rhetorical paragraph 18 of Atlantic's complaint as the terms relied upon by Atlantic were modified by subsequent oral agreements and the parties' course of conduct.

19. Robertson admits the material allegations contained in rhetorical paragraph 19 of Atlantic's Complaint.

20. Robertson denies the material allegations contained in rhetorical paragraph 20 of Atlantic's Complaint.

21. Robertson denies the material allegations contained in rhetorical paragraph 21 of Atlantic's Complaint.

22. Robertson admits that she owed a duty to Atlantic to abide by her contractual obligations and fiduciary duties, but she denies all other allegations contained in rhetorical paragraph 22 of Atlantic's Complaint.

23. Robertson denies the material allegations contained in rhetorical paragraph 23 of Atlantic's Complaint.

24. Robertson denies the material allegations contained in rhetorical paragraph 24 of Atlantic's Complaint.

25. Robertson lacks knowledge or information sufficient to admit or deny the allegations contained in rhetorical paragraph 25 of Atlantic's Complaint, but Robertson asserts that, if Atlantic's records do reflect such allegations, Atlantic's books and records are not accurate.

26. Robertson lacks knowledge or information sufficient to admit or deny the allegations contained in rhetorical paragraph 26 of Atlantic's Complaint.

27. Robertson denies the material allegations contained in rhetorical paragraph 27 of Atlantic's Complaint.

28. Robertson admits that Atlantic has demanded money from Robertson, but Robertson denies that any such money is owed to Atlantic.

## Count I – Breach of Contract

29. Robertson restates and realleges the responses set forth in paragraphs 1 – 28 of this Answer as her response to rhetorical paragraph 29 of Atlantic's Complaint.

30. Robertson denies the material allegations contained in rhetorical paragraph 30 of Atlantic's Complaint as each of those agreements were subsequently modified by oral agreements and course of dealing between the parties.

31. Robertson denies the material allegations contained in rhetorical paragraph 31 of Atlantic's Complaint as each of those agreements were subsequently modified by oral agreements and course of dealing between the parties.

32. Robertson denies the material allegations contained in rhetorical paragraph 32 of Atlantic's Complaint.

33. Robertson denies the material allegations contained in rhetorical paragraph 33 of Atlantic's Complaint.

WHEREFORE, Robertson prays that Atlantic take nothing by way of Count I of its Complaint and for all other just and proper relief.

### Count II – Unjust Enrichment

34. Robertson restates and realleges the responses set forth in paragraphs 1 – 33 of this Answer as her response to rhetorical paragraph 34 of Atlantic's Complaint.

35. Robertson admits that Atlantic paid Robertson certain money projected to pay certain costs associated with collection efforts on behalf of Atlantic's claims against others. Robertson denies all other material allegations contained in rhetorical paragraph 35 of Atlantic's Complaint.

36. Robertson denies the material allegations contained in rhetorical paragraph 36 of Atlantic's Complaint.

37. Robertson denies the material allegations contained in rhetorical paragraph 37 of Atlantic's Complaint.

WHEREFORE, Robertson prays that Atlantic take nothing by way of Count II of its Complaint and for all other just and proper relief.

### Count III – Conversion

**38.** Robertson restates and realleges the responses set forth in paragraphs 1 – 37 of this Answer as her response to rhetorical paragraph 38 of Atlantic's Complaint.

39. Robertson denies the material allegations contained in rhetorical paragraph 39 of Atlantic's Complaint.

40. Robertson denies the material allegations contained in rhetorical paragraph 40 of Atlantic's Complaint.

41. Robertson denies the material allegations contained in rhetorical paragraph 41 of Atlantic's Complaint.

42. Robertson denies the material allegations contained in rhetorical paragraph 42 of Atlantic's Complaint.

43. Robertson denies the material allegations contained in rhetorical paragraph 43 of Atlantic's Complaint.

44. Robertson denies the material allegations contained in rhetorical paragraph 44 of Atlantic's Complaint.

WHEREFORE, Robertson prays that Atlantic take nothing by way of Count III of its Complaint and for all other just and proper relief.

### Count IV – Breach of Fiduciary Duty

45. Robertson restates and realleges the responses set forth in paragraphs 1 – 44 of this Answer as her response to rhetorical paragraph 45 of Atlantic's Complaint.

46. Robertson admits the material allegations contained in rhetorical paragraph 46 of Atlantic's Complaint.

47. Robertson denies the material allegations contained in rhetorical paragraph 47 of Atlantic's Complaint.

48. Robertson denies the material allegations contained in rhetorical paragraph 48 of Atlantic's Complaint.

WHEREFORE, Robertson prays that Atlantic take nothing by way of Count IV of its Complaint and for all other just and proper relief.

                                      Respectfully submitted,

                                      s/ Gary D. Sallee_____
                                      Gary D. Sallee, Atty. No. 1731-49
                                      11650 Olio Road, Suite 1000
                                      Fishers, Indiana 46037
                                      Telephone:  317-416-9543
                                      gdsallee@gmail.com

## AFFIRMATIVE DEFENSES

Without prejudice to the objections, denials and other statements provided in her Answer to Atlantic's Complaint, Robertson sets forth her Affirmative Defenses to the Complaint as follows:

    1.     Contract is Indefinite.  The contracts between the parties are indefinite and omit various key provisions of the agreements entered into by the parties and do not accurately state the course of dealing between the parties or reflect numerous oral agreements and understandings between the parties.

    2.     Estoppel.  Robertson relied upon various statements of Atlantic that altered and modified the terms of the contracts relied upon by Atlantic, thus Atlantic is estopped from enforcing the written agreements.

    3.     Statute of Limitations.  Atlantic's allegations are barred by applicable statutes of limitation.

4. Modification of Contract/Performance in Accord with Oral Agreements. Robertson's performance of her obligations to Atlantic at all material times were in conformity with various oral agreements with, and directions from, the Atlantic.

5. Laches. Many of Atlantic's claims are based on information it has had for many years. During the lapse of time, evidence, records, and certain former employees of Atlantic are no longer available. Such delay by Atlantic in bringing its claims is prejudicial to Robertson and should be a bar to any recovery by Atlantic on its claims.

6. Absence of Damages. Even if Atlantic's theory of relief is accurate, it has suffered no damage and, in fact, owes Robertson more than it has paid.

7. Good Faith. Robertson at all times acted in good faith in her dealings with Atlantic and in accord with instructions given her by Atlantic.

8. Acquiescence. Atlantic repeatedly acquiesced to the way Robertson billed for and accounted for costs by continuing to pay such bills and failing to object.

9. Waiver. Atlantic's actions and conduct constitute a waiver of its right, if any, to recover the money claimed in its Complaint.

10. Mere Breach of Contract. Robertson's actions, if anything, constitute a mere breach of contract and not conversion.

11. Right to Demand Proof of Alleged Balance Owed. Robertson has the right to demand strict proof of the balance alleged to be owed by her to Atlantic. As such, her refusal to pay on Atlantic's demand while the balance remains undetermined does not constitute conversion.

12. Approval. Robertson, at all times material to Atlantic's claims, billed, and Atlantic paid, in accord with processes and a course of dealing approved by Atlantic.

13. Unjust Enrichment. Awarding judgment for Atlantic as set forth in its complaint would constitute an unjust enrichment of Atlantic in that: (1) the complaint alleges that certain sums are due when in fact they are not; (2) Atlantic has previously agreed to pay certain items and has not given Robertson credit for those items; and (3) Atlantic has withheld money that it has acknowledged is owed to Robertson and that it promised to reimburse to Robertson.

WHEREFORE, Juliana G. Robertson, by counsel, prays that Atlantic take nothing by way of its Complaint and respectfully requests this Court enter judgment in favor of Robertson, and for any and all other just and appropriate relief.

Respectfully submitted,

s/ Gary D. Sallee
Gary D. Sallee, Atty. No. 1731-49
11650 Olio Road, Suite 1000
Fishers, Indiana 46037
Telephone: 317-416-9543
gdsallee@gmail.com

## Counterclaim

Juliana G. Robertson ("Robertson"), by and through her counsel, for her Counterclaim against Atlantic Credit & Finance, Inc. ("Atlantic"), states:

## Jurisdiction

1. Jurisdiction is proper in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 is between citizens of different states.

**Parties**

2. Robertson is an individual who is a citizen of the state of Indiana where she maintains her residency and place of business.

3. Atlantic is a Virginia corporation with its primary place of business located at 2727 Franklin Road SW, Roanoke, Virginia 24014.

**Factual Allegations**

4. Atlantic is a leading servicer of unsecured, consumer-distressed assets consisting largely of unpaid debt obligations which Atlantic purchases and consequently owns the right to enforce and collect (the "Accounts" and each individually, an "Account").

5. Robertson is an attorney licensed to practice law in the State of Indiana and Illinois.

6. Atlantic engages legal counsel throughout the United States to assist in the enforcement and collection of the Accounts.

7. Beginning in 2000, Atlantic retained Robertson to assist in the collection of some of the Accounts (the "Engagement Period"). During her engagement as attorney for Atlantic Robertson has enforced and collected many Accounts at levels of professionalism and success which resulted in several commendations from Atlantic, including the prestigious designation as Atlantic's National Attorney Partner of the Year in 2008.

8. During the Engagement Period, Robertson has operated her practice relating to the Accounts pursuant to several written and oral agreements with Atlantic ("Engagement Agreements"). Those Engagement Agreements related to the amount of fees she was to earn on money collected from the Accounts ("Contingent Attorney Fees") and the payment of court costs and other ancillary costs related to filing lawsuits to collect certain Accounts ("Court Costs").

### Count I – Breach of Contract (Unpaid Court Costs)

9. Robertson restates and realleges the allegations set forth in paragraphs 1 – 8 of this Counterclaim as and for her paragraph 9 of this Count I as if set forth fully herein.

10. At all times material to this action and during the Engagement Period, Atlantic agreed to pay all Court Costs and it advanced an estimate of such costs for each Account.

11. Upon review of the Accounts enforced and collected for Atlantic by her, Robertson has paid Court Costs in an amount in excess of $126,453.43 for which Atlantic has failed to reimburse her (the "Owed Court Costs").

12. Such failure to pay the Owed Court Costs is a breach by Atlantic of the applicable Engagement Agreements.

Wherefore, Robertson respectfully requests that this Court: (i) grant judgment against Atlantic Credit & Finance, Inc. in the amount of $126,453.43, (ii) prejudgment interest on that amount from the dates owed until judgment is entered, and (iii) for all other just and appropriate relief.

### Count II – Breach of Contract (Unpaid Contingent Attorney Fees)

13. Robertson restates and realleges the allegations set forth in paragraphs 1 – 12 of this Counterclaim as and for her paragraph 13 of this Count II as if set forth fully herein.

14. In 2008, in recognition of Robertson's superior performance in representing Atlantic in the enforcement and collection of Accounts, Atlantic increased the Contingent Attorney Fees from 20% of collections of Accounts to 25%.

15. Due to clerical errors, for a period of time thereafter, Robertson earned 25% Contingent Attorney Fees but received on 20%.

11

16. Robertson and Atlantic agreed that the unpaid Contingent Attorney Fees were $24,000.00, which sum of money has not been paid by Atlantic to Robertson.

Wherefore, Robertson respectfully requests that this Court: (i) grant judgment against Atlantic Credit & Finance, Inc. in the amount of $24,000.00, (ii) prejudgment interest on that amount from the dates owed until judgment is entered, and (iii) for all other just and appropriate relief.

### Count III – Breach of Contract (Additional Court Costs)

17. Robertson restates and realleges the allegations set forth in paragraphs 1 – 16 of this Counterclaim as and for her paragraph 17 of this Count III as if set forth fully herein.

18. On or about September 11, 2013, Atlantic, in an email from its employee, Angel Hill, requested that Robertson pay Court Costs totaling $7,888.00 to file lawsuits for the collection of certain Accounts.

19. The same email assured Robertson that Atlantic would reimburse her for all Court Costs advanced on those Accounts.

20. Robertson paid those Court Cost, billed Atlantic for reimbursement, but Atlantic has refused to pay Robertson as agreed.

Wherefore, Robertson respectfully requests that this Court: (i) grant judgment against Atlantic Credit & Finance, Inc. in the amount of $7,888.00, (ii) prejudgment interest on that amount from the dates owed until judgment is entered, and (iii) for all other just and appropriate relief.

### Count IV – Breach of Contract (Additional Contingent Attorney Fees Owed)

21. Robertson restates and realleges the allegations set forth in paragraphs 1 – 20 of this Counterclaim as and for her paragraph 21 of this Count IV as if set forth fully herein.

22. In December 2013, Atlantic advised Robertson that it was terminating her engagement as one of its attorneys and that she should withdraw from representing Atlantic in its enforcement and collection of the Accounts.

23. At that time, and continuing until the present, several Accounts were subject to garnishment orders and payment arrangements secured by Robertson, and for which payments were sent to Robertson's office. On several occasions Robertson informed Atlantic that it should have substitute counsel appear in the lawsuits so that new counsel could handle issues related to those Accounts, the garnishment of money to collect the Accounts and ongoing payment arrangements with certain debtors.

24. Upon information and belief, Atlantic has not hired substitute counsel for such Accounts and continues to rely upon Robertson to process the payments that are sent to her office daily.

25. Atlantic has further required Robertson to handle all court-related matters relating to those active lawsuits on Accounts, to file pleadings to stop garnishments that have been paid in full, to notify employers and banks about the status of garnishments, to file releases of paid judgments, and to handle any issues with courts, employers, and/or banks. Atlantic has also informed courts that Robertson should be contacted on issues that required action.

26. As she did during the Engagement Period, when she was commended for superior service and performance, and when she received prestigious awards from Atlantic, Robertson handled the issues, collected the Accounts and performed her duty and superior work for and on behalf of Atlantic.

27. Robertson has earned Contingent Attorney Fees for such money collected and for such work on behalf of Atlantic, which amount is in excess of $28,000.00.

Wherefore, Robertson respectfully requests that this Court: (i) grant judgment against Atlantic Credit & Finance, Inc. in the amount of $28,000.00, (ii) prejudgment interest on that amount from the dates owed until judgment is entered, and (iii) for all other just and appropriate relief.

**Count V- Unjust Enrichment (Enriched By Work Enticed To Be Performed)**

28. Robertson restates and realleges the allegations set forth in paragraphs 1 – 27 of this Counterclaim as and for her paragraph 27 of this Count V as if set forth fully herein.

29. At all times relevant hereto, Robertson performed legal services for the benefit of Atlantic for which she reasonably expected payment per the terms of oral agreements and contracts.

30. These services were either specifically requested or were necessary for the protection of the interests of Atlantic.

31. At all times relevant hereto, Atlantic knew that Robertson was performing these services for its benefit.

32. There was never any agreement between Robertson and Atlantic that these services be performed without compensation.

33. Atlantic has wholly failed to compensate Robertson for the services that she performed, and the failure to compensate Robertson has unjustly enriched Atlantic.

Wherefore, Robertson respectfully requests that this Court: (i) grant judgment against Atlantic Credit & Finance, Inc. in the amount of $28,000.00, (ii) prejudgment interest on that amount from the dates owed until judgment is entered, and (iii) for all other just and appropriate relief.

                    Respectfully submitted,

                    s/ Gary D. Sallee_____
                    Gary D. Sallee, Atty. No. 1731-49
                    11650 Olio Road, Suite 1000
                    Fishers, Indiana 46037
                    Telephone:  317-416-9543
                    gdsallee@gmail.com

## Certificate of Service

I hereby certify that on March 1, 2015, a copy of the foregoing Answer, Affirmative Defenses, and Counterclaims was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                    s/ Gary D. Sallee_____
                    Gary D. Sallee, Attorney No. 1731-49