UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ATLANTIC CREDIT & FINANCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00044-MJD-SEB |
| | ) | |
| JULIANA G. ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO
DISQUALIFY COUNSEL FOR DEFENDANT**

This matter is before the Court on *Plaintiff's Motion to Disqualify Counsel for Defendant*. [Dkt. 56.] Plaintiff, Atlantic Credit & Finance, Inc. ("Atlantic") seeks to disqualify Defendant's counsel, Gary Sallee, pursuant to Rules 1.9 and 3.7 of the Indiana Rules of Professional Conduct on the basis that Sallee purportedly represented Atlantic jointly with Defendant on collection cases at issue in this litigation. Defendant objects, disputing the extent of Sallee's representation of Atlantic and asserting Atlantic waived any objection by failing to file this motion within a reasonable amount of time. On December 9, 2015, the Court held a hearing on the Motion. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

## I.   Background Facts

This action stems from Defendant, Juliana Robertson's ("Robertson") alleged failure to repay various monies related to her representation of Atlantic in collection cases. The lawsuit was filed January 9, 2015, after the parties spent several years attempting to negotiate a settlement. During those informal negotiations, Robertson asserts Sallee served as her counsel and had no other involvement with Atlantic's collection cases. Atlantic asserts Sallee joined

1

Robertson's firm in 2012 as its managing partner and appeared jointly with Robertson in some of the collection cases at issue here. Consequently, Atlantic argues, Sallee should be disqualified both under Rule 1.9 (Duties to Former Clients) and Rule 3.7 (Lawyer as Witness).

**II.     Discussion**

The disqualification of an attorney is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Owen v. Wangerin,* 985 F.2d 312, 317 (7th Cir.1993) (quoting *Schiessle v. Stephens,* 717 F.2d 417, 419–420 (7th Cir.1983)). Accordingly, motions to disqualify are treated with "extreme caution." *See Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 722 (7th Cir.1982). Caution is warranted both because disqualification motions "can be misused as techniques of harassment," and because the consequences of disqualification are so grave—"destroy[ing] a relationship by depriving a party of representation of their own choosing." *Id. See also Mills v. Hausmann-McNally, S.C.,* 992 F. Supp. 2d 885, 890 (S.D. Ind. 2014).  Atlantic argues for disqualification pursuant to Rules 1.9 and 3.7 of the Indiana Rules of Professional Conduct.

**A.  Rule 1.9 (Duties to Former Clients)**

Atlantic first argues Sallee should be disqualified pursuant to Rule 1.9 because he filed appearances in several Atlantic collection cases and participated in at least one telephone conference with Robertson and Atlantic concerning the audit of Robertson's Atlantic accounts. Rule 1.9 provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a **substantially related** matter in which that person's interests are materially adverse to the interests of the **former client** unless the former client gives informed consent, confirmed in writing.

Ind. Rules of Prof. Conduct, Rule 1.9(a) (emphasis added). Matters are considered substantially related when "they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." *Id.* at cmt. 3. *See also Card v. CSC Credit Servs., Inc.*, 2014 WL 590368, at *1 (S.D. Ind. Feb. 13, 2014).

Atlantic argues this action is substantially related to the matter discussed in the telephone conference – Atlantic's audit of Robertson's cases – and because Atlantic believed Salle was representing it at the time, he should be disqualified from serving as Robertson's counsel. This argument confuses the matters that must be substantially related to invoke Rule 1.9. Under Atlantic's scenario, Atlantic must present evidence that it believed Sallee represented Atlantic *in the dispute with Robertson*. Atlantic confirmed at the hearing that it had no such belief. Rather, Atlantic asserts it believed Sallee represented it jointly with Robertson in its Indiana collection cases. Even if Atlantic had presented sufficient evidence to support this belief of joint representation, and it did not, it likely would not warrant disqualification under Rule 1.9 because the fee dispute with Robertson is not substantially related to Atlantic's collection cases. [1]

Examples in the Comment section of Rule 1.9 lend additional context to the "substantially related" requirement: "For example, a lawyer who has represented a businessperson and learned extensive private financial information about that person may not then represent that person's spouse in seeking a divorce. Similarly, a lawyer who has previously

---

[1] Atlantic's only evidence of Sallee's "joint representation" with Robertson consisted of mistakenly-filed joint appearances, not signed or filed by Sallee; a letter from Robertson indicating Sallee would join her firm (it is undisputed Sallee did not actually join Robertson's firm); Sallee's participation in a telephone conference with Atlantic to discuss the financial audit of Robertson's cases; and letterhead with Sallee listed as "of counsel" (which Robertson used in two non-Atlantic collection cases with which Sallee assisted Robertson).

represented a client in securing environmental permits to build a shopping center would be precluded from representing neighbors seeking to oppose rezoning of the property on the basis of environmental considerations. . ." Rule 1.9 at cmt. 3. Atlantic cannot draw the same analogy here. There is no evidence that Sallee obtained any of *Atlantic's* confidential information. As Sallee pointed out at the hearing, the matters discussed during the pre-litigation audit involved *Robertson's* confidential information (such as how she maintained her books), not Atlantic's. Therefore, the Court finds no support for Atlantic's Motion to Disqualify in Rule 1.9.

### B. Rule 3.7 (Lawyer as Witness)

Atlantic likewise argues Sallee should be disqualified under Rule 3.7 because Atlantic may want to call him as a witness. Rule 3.7 provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

Ind. Rules of Prof. Conduct, Rule 3.7(a).  As with Rule 1.7, the moving party bears the burden of concretely establishing the necessity of disqualification. Because of their susceptibility to abuse as tactical devices, courts treat motions under Rule 3.7 with skepticism. *See Harter v. Univ. of Indianapolis,* 5 F. Supp. 2d 657, 665 (S.D. Ind.1998).  The moving party must show the testimony it seeks to elicit from the attorney is both more than marginally relevant and will result in evidence that cannot be obtained elsewhere. *See Mills*, 992 F. Supp. 2d at 891. Thus, if the testimony can be obtained by any other means, the attorney is not a "necessary witness" and he should not be disqualified. *See Harter,* 5 F. Supp. 2d at 665.

Atlantic provided no evidence that Sallee is a necessary witness. It speculates that upon further discovery Sallee *could* become a necessary witness; however, this is insufficient to warrant disqualification under Rule 3.7. If Sallee's testimony becomes necessary on a few narrow topics, it is still possible for Sallee to testify without being disqualified. *See Harter*, 5 F. Supp. 2d at 667. As the parties have requested a bench trial in this matter, potential confusion to the jury is not an issue. Consequently, the Court finds Sallee should not be disqualified under Rule 3.7.

### C. Waiver

Finally, Robertson contends Atlantic waived its right to challenge any conflict by failing to raise the issue within a reasonable amount of time after discovering the facts supporting its motion. *See Kafka v. Truck Ins. Exchange,* 19 F.3d 383, 386 (7th Cir. 1994). Robertson asserts she retained Sallee in 2012 to assist in the resolution of the audit issues with Atlantic. She further asserts that Sallee participated in at least one meeting with Atlantic to discuss the audit and that she advised Atlantic that Sallee was not Atlantic's attorney. Atlantic filed this action in January 2015 and participated without objection in multiple telephone conferences and a settlement conference with Sallee as Robertson's attorney. Atlantic contends it did not move to disqualify sooner because it only recently learned of the depth of Sallee's involvement in Robertson's firm and in Atlantic's cases.

As discussed above, Atlantic did not present sufficient facts to warrant disqualification under Rule 1.9 or Rule 3.7. However, the primary fact upon which Atlantic relies to support the motion to disqualify relates to a 2012 telephonic meeting involving Atlantic representatives, Robertson and Sallee. Atlantic now asserts that its representatives believed that Sallee was acting as Atlantic's, not Robertson's, attorney during that meeting. If that were in fact the case (the

5

Court has found it is not), then Atlantic would have been aware in 2012 that Sallee was its attorney. While Atlantic may have delayed in conveying such information to its attorney, Ms. Hamilton, this is Atlantic's Motion and Atlantic was obligated to timely raise the issue of disqualification and it did not. Discovery has occurred, a settlement conference has taken place, and a motion for summary judgment has been filed. The Court finds that, even if Atlantic had raised a meritorious motion to disqualify, any objection Atlantic may have been entitled to raise concerning Sallee's representation of Robertson was waived when it failed to challenge Sallee within a reasonable amount of time.

### III. Conclusion

Based on the foregoing, the Court **DENIES** *Plaintiff's Motion to Disqualify Counsel for Defendant*. [Dkt. 56.]

Dated: 14 DEC 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Gary D. Sallee
GARY D. SALLEE, ATTORNEY AT LAW
gdsallee@gmail.com

Jeanne M. Hamilton
SMITH AMUNDSEN, LLC
jhamilton@salawus.com

William Silas Hackney, III
SMITHAMUNDSEN LLC
whackney@salawus.com