UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ATLANTIC CREDIT & FINANCE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-00044-MJD-SEB |
| | ) |
| JULIANA G. ROBERTSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Juliana Robertson's ("Robertson") *Motion for Summary Judgment*. [Dkt. 53.] In this action, Plaintiff Atlantic Credit & Finance, Inc. ("ACF") alleges Robertson breached the parties' contract by failing to return certain funds to ACF pursuant to the contract. Robertson asserts ACF's claim is barred by the statute of limitations. For the reasons set forth below, the Court **DENIES** Robertson's Motion.

**I.   Factual Background[1]**

ACF is in the business of purchasing unsecured debts and pursuing collection from debtors. In 2000, ACF retained Robertson, an attorney, to represent it and pursue collection efforts against debtors in Indiana. In 2009, ACF began a series of audits of Robertson's collection cases that ACF asserts establish Robertson owes it money.  Specifically, ACF claims

---

[1] The parties did not comply with Southern District Local Rule 56.1. Robertson failed to include in her brief a "Statement of Material Facts Not in Dispute" and did not support all of the factual assertions with specific citations to record evidence.  ACF did not object to Robertson's omission. Instead, ACF identified material facts it believes to be in dispute, but also provided a supplemental recitation of the facts not all of which are consistent with Robertson's. While the Court exercises its discretion to not enforce L.R. 56.1 strictly, it reminds the parties that the facts as claimed by Robertson, and supported by admissible evidence, are deemed admitted for the purposes of the motion except to the extent they are specifically controverted by ACF's Statement of Material Facts in Dispute with admissible evidence. L.R. 56.1.

1

Robertson misappropriated cost advances made by ACF to defray the initial outlay of costs required for Robertson to file lawsuits on its behalf. ACF asserts claims of breach of contract, conversion, breach of fiduciary duty and unjust enrichment in this action against Robertson.[2] At the time Robertson filed the motion for summary judgment, however, the action consisted of only a claim for breach of contract.

The parties agree the two-year statute of limitations for legal malpractice applies to ACF's breach of contract claim. However, they dispute the date upon which the claim accrued. Robertson asserts the claim accrued no later than 2010, when ACF issued an audit report allegedly establishing Robertson owed it money. [Dkt. 64-1 at 16-18.] Consequently, Robertson argues, when ACF filed this action on January 9, 2015, the statute of limitations had already expired. ACF asserts the statute of limitations did not begin to run until Robertson first refused to pay the money owed ACF, or with her March 4, 2013 email response to ACF's Cost Audit Summary. [Dkt. 64-1 at 38-40.] In the alternative, ACF argues the statute of limitations was tolled under the continuous representation doctrine until Robertson's representation of ACF was terminated on December 17, 2013. [Dkt. 64-1 at 43-44.] Under either scenario, ACF asserts, it filed the lawsuit within the statute of limitations.

## II.     Legal Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no

---

[2] On December 21, 2015, the Court granted ACF's motion to amend its complaint adding the claims of conversion, breach of fiduciary duty and unjust enrichment. [Dkt. 74.]

reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S.Ct. 1769, 1776 (2007). To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. Smith Amundsen LLC,* 662 F.3d 818, 822 (7th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

### III. Discussion

Robertson contends summary judgment is warranted because ACF's claim is barred by the applicable statute of limitations. In this action, ACF alleges Robertson breached various retainer agreements when she misappropriated cost advances. The parties recognize that, for the purposes of a statute of limitations analysis, ACF's breach of contract claim is equivalent to a claim for legal malpractice. Consequently, there is no dispute this lawsuit is governed by a two-year statute of limitations pursuant to longstanding Indiana precedent that "legal malpractice claims are governed by tort principles regardless of whether they are brought as a tort, a breach of contract, or both." *American International Adjustment Co. v. Galvin*, 86 F.3d 1455, 1459 (7th Cir. 1996); *see*, *e.g.*, *Shideler v. Dwyer,* 417 N.E.2d 281, 285–88 (Ind. 1981); *Keystone Distribution Park v. Kennerk, Dumas, Burke, Backs, Long & Salin,* 461 N.E.2d 749, 751 (Ind. Ct. App. 1984).

Legal malpractice claims are subject to the "discovery rule," which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result

of the tortious act of another. *Biomet v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (2003). Robertson asserts that because ACF began auditing her accounts in 2009 and provided her with an audit report in 2010 that reflected she owed ACF money, the statute of limitations had expired by the time ACF filed its lawsuit in 2015.

ACF asserts the cause of action did not accrue until it knew, or could have discovered, that "Robertson would not return or pay the money she owed ACF." [Dkt. 61 at 7.]  While ACF began auditing Robertson's casefiles in 2009 and identified potential amounts owed in "cost reversals, cost returns and unused costs," Robertson did not formally contest ACF's audit findings until her March 4, 2013 letter. [Dkt. 64-1 at 38-40.]  Therefore, ACF argues, the lawsuit filed on January 9, 2015 was timely.

The Court agrees that although various audits reflected shortfalls in Robertson's accounting, the audits did not trigger the statute of limitations for legal malpractice. In fact, because of the continued attorney-client relationship between Robertson and ACF, not even Robertson's refusal to pay the amounts ACF alleged she owed triggered the limitation period. Under the continuous representation doctrine, the statute of limitations does not commence until the end of an attorney's representation of a client.  *See Biomet*, 791 N.E. 2d at 765. In *Biomet*, the Indiana Court of Appeals noted several reasons for adopting this doctrine: avoiding disruption of the attorney-client relationship, allowing attorneys to remedy mistakes before being sued, and not forcing clients to second-guess their attorney's handling of their case. *Id.* at 766. The doctrine also prevents an attorney from defeating a malpractice action by continuing representation until the statute of limitations under the discovery rule has expired. *Id* at 766–67.

Here, ACF terminated Robertson's representation in a letter dated December 17, 2013. [Dkt. 64-1 at 43-44.]  This letter provided: "ACF is recalling all accounts it has placed with R&A

for collection effective immediately. . . . Please return all subject account/case files (including any case status reports) . . . within ten (10) business days from the date of this correspondence." [*Id*. at 44.]  Robertson weakly disputes this termination date by noting in an Affidavit that by the end of 2012, ACF was letting her file few cases on its behalf and she believed ACF had "effectively ended its relationship" with her firm. [Dkt. 70-1 at 2.] However, the assertion that she represented ACF on "few cases" in 2012 does not controvert ACF's evidence that the attorney-client relationship formally ended with the December 17, 2013 letter.

Robertson then cites two *unpublished* Indiana Court of Appeals decisions in an attempt to discredit the application of the continuous representation doctrine. In those cases, the court noted that specific actions taken by the plaintiff negated the benefits of the doctrine as outlined in *Biomet*.  For example, in *Blinn v. Hammerle*, the plaintiff wrote to the Indiana Attorney General to complain of his attorney's handling of his criminal case. The court found that plaintiff's malpractice action accrued on the date of that letter, rather than the date he formally terminated the attorney-client relationship. 2011 WL 1233583 (Ind. Ct. App. 2011). Likewise in *Grandview Memorial Gardens, LLC v. Eckert*, the court found that plaintiff was advised of a conflict of interest with one attorney and elected to continue the attorney-client relationship anyway. 2012 WL 4830981 (Ind. Ct. App. 2012).  In finding the continuous representation doctrine did not toll the statute of limitations on plaintiff's conflict of interest claims, the court observed that the "facts before us do not line up favorably with [the *Biomet*] principles." *Id*. at *5.  In other words, the court declined to follow *Biomet* in these cases because certain facts belied the potential benefits of applying the continuous representation doctrine. Contrary to Robertson's assertion, the court did not "limit" *Biomet* and because the decisions were unpublished they have no precedential value in Indiana law.

Nonetheless, Robertson urges this Court to follow *Blinn* and *Grandview* and deny the application of the continuous representation doctrine. Robertson asserts that ACF's audit letters reflecting the accounting shortfalls were sufficient to disrupt the attorney-client relationship much like the letter to the attorney general in *Blinn*. The Court disagrees. The client-plaintiff's complaint letter in *Blinn* effectively ended the attorney-client relationship. Here, the audit letters client-plaintiff ACF sent to Robertson reflect a desire to maintain the attorney-client relationship while working through the audit issues. The facts here demonstrate that Robertson continued to represent ACF on collection cases at least through 2012 and the relationship was not formally terminated until December 2013.

The Court finds this scenario is precisely what the Indiana Court of Appeals intended to promote in *Biomet* by adopting the continuous representation doctrine. ACF attempted to preserve the attorney-client relationship and allow Robertson to address the perceived shortfalls in accounting while continuing to represent ACF in collection cases. When it became apparent the parties reached an impasse on the cost recovery issue, ACF terminated the attorney-client relationship with the December 17, 2013 correspondence. At that time, for the breach of contract claim accrued and the statute of limitations began to run. Therefore, the lawsuit filed on January 9, 2015, was within the two-year statute of limitations for legal malpractice actions.

### IV. Conclusion

Based on the foregoing, the Court **DENIES** Robertson's *Motion for Summary Judgment*. [Dkt. 53.]

Dated: 07 JAN 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Gary D. Sallee
GARY D. SALLEE, ATTORNEY AT LAW
gdsallee@gmail.com

Jeanne M. Hamilton
SMITH AMUNDSEN, LLC
jhamilton@salawus.com

William Silas Hackney, III
SMITHAMUNDSEN LLC
whackney@salawus.com